IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA RADLEY,<br><br>        Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND ROUNDPOINT MORTGAGE COMPANY,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 1:17-CV-02755 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    Plaintiff Marina Radley ("Plaintiff") brings this action against RoundPoint Mortgage Servicing Corporation ("Defendant RoundPoint" or "RoundPoint"), as well as credit reporting agencies Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") (collectively, "the CRAs") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Fair Debt Collection Practices Act § 1692 et seq. [Docket Item 1, Compl., ¶ 1.]

    Specifically, Plaintiff alleges that Defendant RoundPoint violated the FCRA by failing to conduct reasonable investigations of the allegedly inaccurate information that Plaintiff disputed, and by willfully and negligently failing to comply with the requirements the FCRA imposes on furnishers

pursuant to 15 U.S.C § 1681s-2(b). Plaintiff alleges Defendant RoundPoint is therefore liable under Sections 1681n and 1681o of the FCRA (Count Two, the only claim asserted against RoundPoint). Before the Court is RoundPoint's motion to dismiss Count Two of Plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P. [Docket Item 17.]

The principal issue to be decided is whether a consumer seeking to recover under the FCRA's private right of action under 15 U.S.C. § 1681s-2(b) against a person furnishing inaccurate information must plead grounds to believe that a CRA informed the furnishing party of the consumer's dispute as required by 15 U.S.C. § 1681i(a)(2).

For the reasons that follow, RoundPoint's motion to dismiss Count Two will be granted without prejudice. The Court finds as follows:

1. **Factual and Procedural Background.** Plaintiff, a New Jersey resident, filed a complaint with this Court on April 21, 2017 alleging that RoundPoint and the CRAs were reporting inaccurate information relating to Plaintiff and her credit history "from at least November 2013." [Docket Item 1, ¶¶ 7-8.] Plaintiff contends this inaccurate information includes a mortgage with Defendant RoundPoint that is her ex-husband's responsibility, and "consists of accounts and/or tradelines that do not belong to the Plaintiff." (Id. ¶¶ 9-10.) Plaintiff

2

further alleges the inaccurate information negatively reflects upon Plaintiff's repayment history, financial responsibility as a debtor, and creditworthiness. (Id. ¶ 10.) She asserts that she disputed this information with all named Defendants but that none of the Defendants engaged in any reasonable investigation or any investigation at all. (Id. ¶¶ 12-13.) As a result, Plaintiff claims actual damages. (Id. ¶¶ 15-17.)

**2.** In Count Two of Plaintiff's complaint,[1] she alleges Defendant RoundPoint violated FCRA at §§ 1681n and 1681o by engaging in the following conduct:

a. willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;
b. willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported tradelines;
c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
d. willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;
e. willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff provided to [Defendant];
f. willfully and negligently continuing to furnish and disseminate inaccurate, unlawful, and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and
g. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 16[8]1s-2(b).

---

[1] Plaintiff's complaint contains two counts, the first of which alleges the CRAs' violations of the FCRA. Count Two is the only count pleaded against Defendant RoundPoint. [Docket Item 1 ¶¶ 20-28.]

[Docket Item 1 ¶ 29.]

**3.** Subsequently, Defendant RoundPoint filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Item 17].

**4. Standard of Review.** Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). When addressing a Rule 12(c) motion, the court applies "the same standards as under Rule 12(b)(6)." Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to

dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

**5. Discussion.** Defendant RoundPoint argues, first, that Plaintiff has failed to plead grounds supportive of an FCRA claim against it. [Docket Item 17-4 at 14-16.] The Court agrees.

**6.** The FCRA delineates certain legal responsibilities of persons who furnish information to credit reporting agencies. See 15 U.S.C. § 1681s-2.[2] Under 15 U.S.C. § 1681s-2(a), the FCRA requires furnishers to provide accurate information. Section 1681s-2(b) further imposes certain duties on furnishers, upon notice of a dispute of the accuracy of reported information. Accordingly, the FCRA imposes civil liability on furnishers for violations of the Act under §§ 1681n and 1681o.

**7.** Although the FCRA permits a citizen to bring private action for violations under 15 U.S.C. § 1681s-2(b), "this cause of action is not without limitations." SimmsParris v.

---

[2] The parties do not dispute that for purposes of the FCRA, Defendant is a "person" who furnishes information to credit reporting agencies. See 15 U.S.C. § 1681a(b).

5

Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011). This subsection, under which Plaintiff brings Count Two, imposes duties on furnishers that are "implicated only [a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." Id. (quoting 15 U.S.C. § 1681s-2(b)(1)) (internal quotations omitted). Under § 1681i(a)(2), the credit reporting agency must give notice to the furnisher about a consumer's dispute; that notice "cannot come directly from the consumer." SimmsParris, 652 F.3d at 358. See also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) ("notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)"); Grossman v. Barclays Bank Delaware, No.12-6238, 2014 WL 647970, *8 (D.N.J. Feb. 19, 2014) ("In order to establish a violation of § 1681s-2(b), a plaintiff must plead that (1) [he] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information") (internal quotations omitted).

 **8.** While Plaintiff contends that <u>she</u> disputed what she alleges is inaccurate information "with Defendants," that is all she includes in her complaint about Defendant RoundPoint's

6

notice. [Docket Item 1 ¶ 12.] She does not factually allege when she disputed this information to the Defendant RoundPoint or the CRAs. Importantly, the complaint does not contain any factual allegations suggesting the CRAs provided proper notice to Defendant RoundPoint that Plaintiff disputed the information RoundPoint supplied to them. Additionally, the Plaintiff did not include in her allegations whether any credit reporting agency, to which Defendant RoundPoint had provided information to as a furnisher, notified Defendant RoundPoint about the dispute.

**9.** Furthermore, the complaint does not plead that the inaccurate information continued to be reported by Defendant after any kind of notification. A complaint is sufficient if it shows that Plaintiff is entitled to any relief, but it must set forth fair notice of the grounds upon which it rests. See Neitzke v. Williams, 490 U.S. 319 (1989); Twombly, 550 U.S. at 544. Despite Plaintiff's argument that she pleaded facts establishing all elements of the furnisher's liability, here, the essential element of notification from the CRA to the furnisher is missing, because only after credit reporting agency notification "can the furnisher face any liability to a private individual." SimmsParris, 652 F.3d at 359. Thus, the complaint is deficient as to RoundPoint because it does not allege that a CRA provided the requisite notice to RoundPoint. Therefore, Plaintiff's complaint states only conclusions that do not state

a claim for Defendant's liability under the FCRA. For this reason, the pleadings are insufficient as to RoundPoint on this ground. See Iqbal, 556 U.S. at 663.

**10.** Although the complaint as presently pled contains inadequate grounds for relief against RoundPoint, it may be possible for Plaintiff to cure the deficiencies noted above through an amended pleading. The Court will not rule out the possibility of such a cure, and therefore Count Two will be dismissed without prejudice to Plaintiff's right to promptly seek leave to amend as against Defendant RoundPoint.

**11. <u>RoundPoint's Argument that Plaintiff is Personally Responsible for Repaying the Mortgage as a Matter of Law.</u>** Defendant RoundPoint also argues that Plaintiff's claim should be dismissed because Plaintiff is in fact personally responsible for repaying the loan with Defendant RoundPoint as a matter of law. Defendant assets that because Plaintiff's divorce does not affect her contractual responsibility for the loan, that Defendant's reporting of any failure to pay the loan was in fact accurate. [Docket Item 17-4 at 9-14.] In contrast, Plaintiff alleges that "Defendant misunderstands the context of 'accuracy' in connection with reporting credit information,' and failed to report the account as disputed. [Docket Item 22 at 11-20.] The Court declines to address the issue at this time, having dismissed Count Two as against Defendant RoundPoint for failure

to state a claim under Rule 12(b)(6)[3]; any proposed Amended Complaint by Plaintiff should also seek to better address this secondary issue raised by Defendant, upon which the Court takes no present position.

**12. Conclusion**. For all of these reasons, Defendant RoundPoint's Motion to Dismiss will be granted. Count Two against Defendant RoundPoint shall be dismissed without prejudice. Plaintiff may file a motion for leave to file an Amended Complaint curing the defect or defects noted herein within fourteen (14) days from entry of the accompanying Order. An accompanying Order will be entered.

**March 26, 2018**           **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             U.S. District Judge

---

[3] Further, Plaintiff asserts that this aspect of the motion is a premature motion for summary judgment since RoundPoint refers to matters outside the pleadings as to which Plaintiff seeks the ability to conduct discovery, citing Rule 56(d), Fed. R. Civ. P. [Pl. Opp. Br. at 1], but Plaintiff fails to submit a Rule 56(d) affidavit supporting this position. The Court will not consider this unperfected Rule 56(d) argument given dismissal of Count Two on alternate grounds, supra.