```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARINA RADLEY, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND ROUNDPOINT MORTGAGE COMPANY, | Civil Action No. 1:17-CV-02755 (JBS/JS) |
| | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, District Judge:**

Plaintiff Marina Radley ("Plaintiff") brings this action against credit reporting agencies, Equifax Information Services, LLC ("Defendant Equifax") and Experian Information Solutions, Inc. (collectively, "the CRAs"), as well as RoundPoint Mortgage Servicing Corporation ("Defendant RoundPoint" or "RoundPoint"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Fair Debt Collection Practices Act § 1692 et seq. [Docket Item 1, Compl., ¶ 1.]

Specifically, Plaintiff alleges that Defendant Equifax is liable under Sections 1681n and 1681o of the FCRA for willfully and negligently failing to comply with the requirements pursuant to Sections 1681e(b) and 1681i(a) (Count One). Before the Court is Defendant Equifax's Motion for Judgement on the Pleadings

pursuant to Fed. R. Civ. P. 12(c), as well as Plaintiff's First Motion to Amend/Correct the Complaint [Docket Item 36].

The principal issue to be decided is whether Plaintiff has alleged (or now seeks to allege) sufficiently supportive factual grounds to plead a CRA's violation of the FCRA under 15 U.S.C. § 1681e(b) and 1681i(a), where the alleged inaccurate information reported by the CRA was technically correct but may nevertheless be "inaccurate" pursuant to the FCRA.

For the reasons that follow, Defendant Equifax's Motion for Judgement on the Pleadings will be denied and Plaintiff's Motion to Amend the Complaint will be granted. The Court finds as follows:

1. **Factual and Procedural Background.** Plaintiff, a New Jersey resident, filed a complaint with this Court on April 21, 2017 alleging that Defendants were reporting inaccurate information relating to Plaintiff and her credit history "from at least November 2013." [Docket Item 1, ¶¶ 7-8.] Plaintiff contends this inaccurate information includes a mortgage with RoundPoint that is her ex-husband's responsibility, and "consists of accounts and/or tradelines that do not belong to the Plaintiff." (Id. ¶¶ 9-10.) Plaintiff further alleges the inaccurate information negatively reflects upon Plaintiff's repayment history, financial responsibility as a debtor, and credit-worthiness. (Id. ¶ 10.) She asserts that she disputed

2

this information with all named Defendants, including Defendant Equifax, but that none of the Defendants engaged in any reasonable investigation or any investigation at all. (Id. ¶¶ 12-13.) As a result, Plaintiff claims actual damages. (Id. ¶¶ 15-17.)

2. The Proposed Amended Complaint [Docket Item 36-3 ("PAC"); a version of the PAC indicating in what respect it differs from the original Complaint was filed pursuant to L. Civ. R. 15.1 and appears at Docket Item 38-1] alleges that "Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties . . . from at least November 2013 through the present" (id. ¶ 8); that the "inaccurate information includes, but is not limited to, a mortgage with RMC for a home that was jointly owned by Ms. Radley and her ex-husband" (id. ¶ 9); that the Superior Court of New Jersey dissolved their marriage on November 19, 2013, whereupon Plaintiff and her ex-husband "entered into a property settlement agreement where Plaintiff's ex-husband would take owenership of their jointly owned home and indemnify Plaintiff against liability for mortgage payments" and that Plaintiff subsequently "executed a quitclaim deed conveying the home completely to her ex-husband," retaining no current ownership interest in the house (id. ¶¶ 10-13); that "Defendants are inaccurately reporting information relating to the RMC mortgage,

3

including, but not limited to omitting details regarding Plaintiff's conveyance of the home to her ex-husband, the indemnification provision in the property settlement agreement or the divorce decree" and contends that this inaccurate information "misrepresents Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness" (id. ¶¶ 14); that "Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports[,]" notwithstanding that "Plaintiff has disputed the accuracy of the RMC mortgage . . . numerous times" with both CRAs (id. ¶¶ 15-17); that the CRAs notified RMC of the dispute, and that Plaintiff also disputed the accuracy of the RMC mortgage directly to RMC (id. ¶¶ 18-19); that the Defendants nevertheless continued to inaccurately report the RMC mortgage and did not include any information within the trade line" relating to the other circumstances described above (id. ¶ 20); that RoundPoint either failed to notify Equifax to mark that trade line as having been disputed, or Equifax failed to so mark at after RoundPoint notified it that it was disputed, rendering that trade line "further inaccurate" (id. ¶ 21); that the CRAs either engaged in no investigation or did not engage in a reasonable investigation (id. ¶ 22); that Defendants knew or should have known that their actions violated the FCRA (id. ¶ 23); and that Plaintiff has suffered damages by being denied for various loans and extensions

4

of consumer credit as a result of the inaccurate information on her credit reports, as well as by losing credit opportunities, and by suffering "informational harm, credit defamation and emotional distress" (id. ¶¶ 24-26).

**3.** In Count One of Plaintiff's complaint, she alleges Defendant Equifax violated FCRA at §§ 1681n and 1681o by engaging in the following conduct:

  a. "willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a)"

[Docket Item 1 ¶ 24.] The PAC repeats this Count verbatim. PAC Paras 29-34.

**4.** Defendant RoundPoint filed a motion to dismiss [Docket Item 17]; that motion was granted on alternative grounds, and so the Court did not reach RoundPoint's argument that the alleged information was not inaccurate as a matter of law. Radley v. Experian Info. Sols., Inc., No. 1:17-CV-02755 (JBS/JS), 2018 WL 1513576, at *3 (D.N.J. Mar. 26, 2018) [Docket Item 34]. Subsequent to RoundPoint's motion, Defendant Equifax filed the instant motion for judgment on the pleadings pursuant to F.R.C.P. 12(c), incorporating the argument the Court did not reach in the prior motion of Defendant RoundPoint. [Docket Item 24.] Plaintiff filed a Response [Docket Item 25] and Defendant

Equifax filed a Reply [Docket Item 26]. Plaintiff then, with permission of the Court, filed a Sur-reply. [Docket Item 31.]

5. In response to the Court's previous Memorandum Opinion granting without prejudice RoundPoint's motion to dismiss, Plaintiff filed the instant Motion to Amend/Correct Plaintiff's Complaint [Docket Item 36], which RoundPoint did not oppose [Docket Item 38 at 1]; Equifax filed a response in opposition [Docket Item 40], and Plaintiff filed a reply [Docket Item 42].

6. **Standard of Review**. Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)(citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

7. When addressing a Rule 12(c) motion, the court applies

"the same standards as under Rule 12(b)(6)." Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

8.  A motion for leave to amend the complaint is addressed under Rule 15(a)(2), and leave should be freely given when justice so requires.

9. **Discussion.** Defendant Equifax argues that Plaintiff's claim fails to plead facts sufficient to establish a claim under the FCRA because the alleged inaccurate account information was, in fact, accurate.

10.  A plaintiff pleads a violation of § 1681e by a CRA
when

she alleges (with properly supportive factual allegations) the following elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (3d Cir. 2010)

11. Under § 1681e(b), pursuant to which Plaintiff brings Count One, a CRA must report information with maximum possible accuracy. Id.; 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."). Maximum possible accuracy signifies that a report may be inaccurate not only when it is patently incorrect, but "when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." Schweitzer v. Equifax Info. Sols. LLC, 441 F. App'x 896, 902 (3d Cir. 2011) (quoting Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir.2001))(alterations in original). As such, the Third Circuit has held, "a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a

8

misleading impression." Schweitzer, 441 F. App'x at 902 (quoting Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 148 (4th Cir. 2008)).

    12.  Additionally, under § 1681i(a), pursuant to which Plaintiff also brings Count One, after a consumer disputes information with a CRA, a CRA may be required to "verify the accuracy of its initial source of information," and may incur the duty "to go beyond the original source" of information. Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997)).

    13.  At this early pleading stage, Plaintiff is correct in her contention that she does not yet have to prove the reported information is in fact inaccurate under this standard. [Docket Item 31 at 3, citing Price v. Trans Union, LLC, 737 F. Supp. 2d 281, 285 (E.D.Pa. 2010) (whether the information reported was "inaccurate" is "typically . . . an issue of fact"; summary judgement denied where "Defendant acknowledges that there were disputed inaccuracies.").] The fact that the alleged inaccurate information may be "technically accurate" does not dispositively answer the question of whether such information "may [still] be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression." Schweitzer, 441 F. App'x at 902 (quoting Saunders, 526 F.3d at 148). Thus, where the plaintiff alleges facts that support a contention that reported information was misleading, the plaintiff has pled

9

sufficiently at the motion to dismiss stage. See <u>Hillis v. Trans Union, LLC</u>, 969 F. Supp. 2d 419, 421 (E.D. Pa. 2013) (finding that although the reported information was factually correct because "Plaintiff did remain ultimately liable for the car loan . . . this information, as presented, might still have created a misleading impression" where the loan was the plaintiff's ex-wife's responsibility.)

**14.** The facts of <u>Hillis</u> are analogous to the facts in the present matter. Here, the information Defendant Equifax is reporting is technically correct, as Plaintiff is contractually responsible for her mortgage payments as a co-signor. See <u>Freda v. Commercial Tr. Co. of New Jersey</u>, 118 N.J. 36, 570 A.2d 409 (1990). Plaintiff does not dispute that the information being reported is correct, rather she contends it not <u>accurate</u> under the FCRA because it is correct but misleading. [Docket Item 25 at 14.] Likewise, the plaintiff in <u>Hillis</u> was technically responsible for delinquent automobile payments on his credit report, as a co-lendee on his and his ex-wife's joint car loan. <u>Hillis</u>, 969 F. Supp. 2d at 420. In the current case, Plaintiff and her ex-husband initiated a divorce and assigned full responsibility of their joint mortgage to Plaintiff's ex-husband, similar to the divorce decree executed in <u>Hillis</u>, which "awarded the underlying vehicle to Plaintiff's ex-wife." [Docket Item 1 ¶¶ 9-10]; <u>Hillis</u>, 969 F. Supp. 2d at 420. Thus, the

plaintiff in Hillis also alleged Santander, the defendant, was inaccurately reporting the loan. Id.

**15.** The Hillis court emphasized that despite the technical correctness of the disputed information, the defendant "could have reported Plaintiff's account as 'disputed,' or marked it in some other way that would cause a future creditor to inquire further and more completely understand Plaintiff's situation." Id. at 421. See also Hillis v. Trans Union, LLC, No. 2:13-cv-02203, 2014 U.S. Dist. LEXIS 79840, at *11 (E.D. Pa. June 9, 2014) [hereinafter Hillis II] (further denying summary judgment where the "information was not as complete as it could have been.").

**16.** The Court disagrees with Defendant's argument that Hillis is not persuasive. Defendant argues that Hillis involves a furnisher's liability under the FCRA, which is "radically different" from its obligations as a CRA under the FCRA, and thus not applicable to this case. [Docket Item 26 at 6.] While the Hillis court does address the liability of the defendant, Santander, as a furnisher, the standard applied by the court in that case is the same standard of maximum possible accuracy the FCRA imposes on CRAs. Hillis, 969 F. Supp. 2d at 421; cf. Schweitzer, 441 F. App'x at 902. Additionally, the plaintiff in Hillis also filed suit against three CRAs, Trans Union, Equifax, and Experian, but "later settled with [all three CRAs], and his

11

claims against them were dismissed." Hillis, 969 F. Supp. 2d at 420 n.1; Hillis II, 2014 U.S. Dist. LEXIS 79840, at *5-*6 (all three CRAs removed the car loan from plaintiff's credit report.)

**17.** Accordingly, the Court finds that Plaintiff's Proposed Amended Complaint alleges sufficient facts to state a claim that the reported information was inaccurate (i.e., materially misleading) by alleging that the reported mortgage was the responsibility of her ex-husband. See also Di Buono v. Experian Info. Sols., Inc., No. CV 17-5379 (JLL), 2017 WL 4516472, at *2-*3 (D.N.J. Oct. 10, 2017) (denying motion to dismiss where plaintiff claimed that "the information related to his payment status on his SSA account in the consumer report was inaccurate" because "Plaintiff had established a payment plan with the SSA . . . and . . . was current on those payments" and the "Third Circuit has held that" similar plaintiff's payments "were arguably not delinquent[,]" citing Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241, 244 (3d Cir. 2012)) (internal quotations omitted). Therefore, the Court will deny Defendant Equifax's Motion for Judgment on the Pleadings and will grant Plaintiff's Motion to File the Proposed Amended Complaint.

**18.** **Conclusion**. For these reasons, Defendant Equifax's Motion for Judgement on the Pleadings will be denied, and Plaintiff's Motion to Amend/Correct the Complaint will be

granted, and the Proposed Amended Complaint filed. An accompanying Order will be entered.

**June 29, 2018**            **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                      U.S. District Judge